THE STATE, JOHN H. TURNER, JOHN A. BRUNER, JR , AND KENYON FORTESCUE, PROSECUTORS, v. THE MAYOR AND COUNCIL OF BRIGANTINE BOROUGH AND E. CLARENCE MILLER.

The council of a borough organized under " An act for the formation and government of boroughs" (*Pamph. L.* 1890, *p.* 58) has no right to enter into a contract by which the public moneys are to be expended and borough bonds are to be issued to pay for grading and filling a street, unless such grading and filling has been directed to be done by an ordinance.

On *certiorari.*

This writ of *certiorari* brings up a resolution passed by the mayor and council of the borough of Brigantine accepting a proposition of one Miller to furnish sand for filling purposes. for a certain sum per cubic yard.

Argued at February Term, 1892, before Justices Dixon, Reed and Garrison.

For the prosecutors, *J. E. P. Abbott.*

For the defendants, *Allen B. Endicott.*

The opinion of the court was delivered by

REED, J. The resolution brought up by this writ is an approval of an agreement into which the borough had previously entered with said Miller. By the terms of this agreement Miller was to build up Brigantine avenue to the established grade with sand and gravel, beginning at the railroad tracks, to such place as might thereafter be agreed upon. Miller was to receive $1.05 per cubic yard, payments to be made after each meeting of council. Miller agreed to accept, in lieu of cash, the six per cent. bonds of the borough of Brigantine, with all coupons attached, at ninety-five per cent. of the par value thereof.

The material objection to this action of the council is that the work of grading Brigantine avenue had not been authorized by an ordinance. Section 15 of " An act for the formation and government of boroughs " (*Pamph. L.* 1890, *p.* 58), under which this borough is incorporated, confers upon the council, among other things, power to pass ordinances to grade, fill up, alter and regulate the grading of any street. Section 20 provides for general ordinances, and for the appointment of commissioners for laying out, extending, opening, altering or widening any street. This section has nothing to do with grades or grading. Section 30 contains a power by ordinance to provide for the grading and graveling of streets upon an application of the majority of property owners on the part of the street to be graded and graveled. In case of the failure of the owners along such part of the street to do the work in a specified time, the borough is to do the work and assess the costs thereof upon such abutting owners.

The only ordinance which has been passed by the borough council touching the laying out or grading of streets, is an ordinance passed July 7th, 1890. This ordinance, however, is but an expansion with details of the provisions of section 30. It therefore only applies to cases of grading done under the

provisions of that section, upon an application of abutting owners. The work contracted for by the resolution now attacked has no relation to the provisions of that section. The section which is invoked to support this action of council is section 27. This section provides that, for the purpose of laying out, grading or improving streets, the council, upon obtaining the written consent of persons representing one-half of the taxable property in said borough, may borrow money and issue bonds or other instruments of the borough. The issue of bonds is to be subject to the approval of the people at the next municipal election.

It is at once perceptible that this is a mere plan provided for raising money to carry into effect a project which has been legally authorized. The power to fix the grade, to alter the grade, or to fill up to grade, can only be exercised by means of an ordinance. There is no ordinance in existence in this borough concerning either of these matters respecting Brigantine avenue, or, in fact, any other street. Until such an ordinance is passed, the filling in of said avenue, up to an assumed grade line, is entirely aside from the legitimate business of the borough. The resolution in question attempts to bind the borough and pledge its credit for the payment of money to be expended to accomplish a purpose, which purpose has no legal existence. It is an attempt to do, in an indirect and unauthorized way, what can only be done in the manner pointed out by the charter. The resolution must be set aside, and with the resolution of course falls the contract.